CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 18 2017

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:13CR00048-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROBERT LEE GWYN, JR., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On March 19, 2014, the defendant, Robert Lee Gwyn, Jr., pled guilty to possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that a 138-month term of imprisonment would be appropriate under the facts and circumstances of the defendant's case. The court ultimately accepted the plea agreement and sentenced the defendant to a term of imprisonment of 138 months. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances have been eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

To be eligible for a reduction under § 3582(c)(2), the amendment must have the effect of lowering the applicable guideline range on which the defendant's sentence was based. See 18 U.S.C. § 3582(c)(2) (authorizing a district court to reduce a previously imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). When a term of imprisonment is imposed pursuant to a Rule 11(c)(1)(C) agreement, the term of imprisonment to which the defendant is sentenced is based on the agreement itself, rather than the Sentencing Guidelines, and, therefore, relief under § 3582(c)(2) is usually not available. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011) (citing Freeman v. United States, 131 S.Ct. 2685, 2697 (2011) (Sotomayor, J., concurring)). A limited exception to this general rule is "where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id. Specifically,

> If a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for a sentence reduction under § 3582(c)(2).

Freeman, 131 S.Ct. at 2695 (Sotomayor, J., concurring); Brown, 653 F.3d at 340 (concluding that Justice Sotomayor's rationale in Freeman is controlling).

Having reviewed the defendant's Rule 11(c)(1)(C) agreement, the court concludes that he is not eligible for relief under § 3582(c)(2). The agreement does not expressly use a Guidelines sentencing range to establish the term of imprisonment agreed upon by the parties. Instead, it simply states that "[t]he parties agree under the terms of Rule 11(c)(1)(C) that [the defendant] should receive a sentence of 138 months of incarceration." Docket No. 80 at 2. The defendant's agreement therefore does not satisfy the limited exception set forth above. See Brown, 653 F.3d at 340 (holding that the defendant's plea agreement did not satisfy the exception recognized in

2

Justice Sotomayor's concurrence, where it merely stated that "'the appropriate sentence in this case is incarceration for not less than 180 months and not more than 240 months'"); see also United States v. Frazier, 531 F. App'x 308, 310 (4th Cir. 2013) (holding that the exception recognized by Justice Sotomayor did not apply where it was not evident from the plea agreement that the agreed-upon sentence was based on particular guideline range). Accordingly, "the plea agreement itself 'is the foundation for the term of imprisonment' imposed" in the defendant's case, and the court lacks the authority to grant his motion for reduction in sentence. Brown, 653 F.3d at 340 (quoting Freeman, 131 S.Ct. at 2690 (Sotomayor, J., concurring)). For these reasons, the defendant's motion must be denied.*

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 13th day of April, 2017.

                                                                                                   Chief United States District Judge

---

\* The court also notes that the defendant was designated as a career offender under the Sentencing Guidelines, and that his applicable guideline range was calculated pursuant to § 4B1.1, which was not affected by Amendment 782. Thus, even if the defendant had not entered into a Rule 11(c)(1)(C) agreement with the government, he would not be entitled to a reduction under § 3582(c)(2).