CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 09 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Siegle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 7:13CR00048 |
| v. | **MEMORANDUM OPINION** |
| ROBERT LEE GWYN, JR., | By: Hon. Glen E. Conrad |
| Defendant. | Senior United States District Judge |

Defendant Robert Lee Gwyn, Jr. has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the defendant's motion will be denied.

## Background

On November 21, 2013, a grand jury in the Western District of Virginia returned a multi-count superseding indictment against Gwyn. The defendant ultimately entered a plea of guilty to Count Four of the indictment, which charged him with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Gwyn "should receive a sentence of 138 months of incarceration." Plea Ag. 2, Dkt. No. 80.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the PSR, the probation officer converted the total amounts of oxycodone and methamphetamine found in Gwyn's possession on the day of his arrest to the equivalent weight of marijuana. This particular drug quantity and type resulted in a base offense level of 18 under United States Sentencing Guidelines ("U.S.S.G.") U.S.S.G. § 2D1.1(c) (2013). With a two-level enhancement for possession of a firearm, a three-level reduction for acceptance of responsibility, and a criminal history category of VI, Gwyn's guideline range would have been 51 to 63 months of

imprisonment. However, Gwyn was also found to qualify as a career offender under U.S.S.G. § 4B1.1. As a result of the career offender designation, the base offense level calculated under § 2D1.1 was superseded by the higher offense level determined by the career offender provision. See U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable"). Application of the career offender provision ultimately resulted in a total offense level of 29 and an advisory guideline range of imprisonment of 151 to 188 months.

Gwyn appeared for sentencing on February 11, 2015. At that time, the court adopted the PSR in its entirety, including the determination that the defendant qualified for sentencing under the career offender provision. The court ultimately departed from the advisory guideline range and imposed a term of imprisonment of 138 months, as agreed to by the parties pursuant to Rule 11(c)(1)(C).

Gwyn subsequently filed a pro se motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). This statute authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant relied on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to most drug quantities in § 2D1.1 by two levels.

On April 13, 2017, the court denied the defendant's motion for reduction of sentence. The court determined that the defendant was not eligible for relief under § 3582(c)(2), since, among other reasons, his guideline range as a career offender was not affected by Amendment 782.

2

## Discussion

The defendant, through counsel, has filed a second motion for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782. Relying on the Supreme Court's recent decision in Hughes v. United States, 138 S. Ct. 1765 (2018), Gwyn argues that even though his advisory guideline range was ultimately derived from the career offender provision, the drug quantity guidelines were nonetheless part of the framework that the court considered in imposing his sentence. See Hughes, 138 S. Ct. at 1775 (holding that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "'based on' the defendant's Guidelines range" for purposes of § 3582(c)(2), "so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement"). Gwyn also argues that he would no longer qualify as a career offender if he were sentenced today, and that this also militates in favor of a reduced sentence. For the following reasons, the court remains convinced that Gwyn is not eligible for a sentence reduction under § 3582(c)(2).

As indicated above, § 3582(c)(2) authorizes the court to reduce a defendant's sentence only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). "A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Nickens, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). The Guidelines define the "applicable guideline range" as "the guideline

3

range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A).

As applied here, the "applicable guideline range" is the career offender range of 151 to 188 months derived from § 4B1.1 of the Sentencing Guidelines. Amendment 782, on which Gwyn relies, "did not lower the offense levels applicable to career offenders" in § 4B1.1. United States v. Akers, 892 F.3d 432, 434 (D.C. Cir. 2018). Instead, "it impacted only offense levels calculated under the drug trafficking guideline, U.S.S.G. § 2D1.1." Id. Although the court ultimately departed from the career offender range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014); see also United States v. Muldrow, 844 F.3d 434, 441 (4th Cir. 2016) (agreeing with the Sixth Circuit that "'defendant's applicable guideline range under U.S.S.G. § 1B1.10 is his pre-departure guideline range'") (quoting United States v. Pembrook, 609 F.3d 381, 385 (6th Cir. 2010)). Because the career offender range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Gwyn is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266, 267 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

The Supreme Court's decision in Hughes does not affect this result. Although Hughes established that Rule 11(c)(1)(C) plea agreements are often based on the defendant's guideline range for purposes of a § 3582(c)(2) motion, it did not change the requirement that the defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2). Nor did it alter the requirement that a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As indicated above, "[a] sentence reduction is not authorized if a Guidelines amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Young, No. 18-7275, 2019 U.S. App. LEXIS 17377, at *2 (4th Cir. June 11, 2019) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Because Amendment 782 did not have the effect of lowering the defendant's applicable guideline range as a career offender, "he is not eligible for the requested sentence modification under § 3582(c)(2)." United States v. Gilchrist, 752 F. App'x 681, 682 (10th Cir. 2019) (decided post-Hughes); see also Young, 2019 U.S. App. LEXIS 17377, at *3 (emphasizing that Amendment 782 had no effect on the applicable guideline range in the defendant's case since it "did not change the career offender enhancement in U.S.S.G. § 4B1.1," and that "other circuit courts have rejected similar arguments post-Hughes") (citing Akers, 892 F.3d at 434).

Finally, to the extent that Gwyn seeks to challenge the validity of the career offender enhancement, "a § 3582(c)(2) proceeding is not an appropriate vehicle for such a challenge." United States v. Foster, 714 F. App'x 285, 286 (4th Cir. 2018); see also Dillon, 560 U.S. at 825–27 (explaining that § 3582(c)(2) authorizes sentence reductions only within the narrow bounds established by the Sentencing Commission and does not authorize a full resentencing); United States v. Warner, No. 18-40822, 2019 U.S. App. LEXIS 17139, at *3 (5th Cir. June 7, 2019) (holding that a § 3582(c)(2) motion was not the proper vehicle for the defendant to challenge whether he still qualifies as a career offender); United States v. Goldman, 693 F. App'x 817, 820 (11th Cir. 2017) (holding that the defendant's arguments challenging his status as a career offender were "not cognizable in a § 3582(c)(2) proceeding").

## Conclusion

For all of these reasons, the court concludes that defendant is not eligible for a sentence reduction under § 3582(c)(2). Accordingly, the defendant's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 9th day of August, 2019.

_____
Senior United States District Judge